UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARMOUTH INTERNATIONAL, INC.,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:___ 3/31/2023

                                        Plaintiff,                          19-CV-3669 (RA) (VF)

                  -against-                                                 **ORDER**

MICHAEL FALLAS,

                                        Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 25, 2022, Plaintiff Armouth International, Inc. ("Armouth") submitted a letter

motion to seal (ECF No. 99) in connection with its Opposition to Defendant Michael Fallas'

Motion for Summary Judgment (ECF No. 100). Specifically, the letter seeks: (1) to file under

seal certain exhibits appended to the Declaration of Benjamin I. Bassoff (ECF Nos. 104-105);

and (2) to file its memorandum of law, Rule 56.1 counterstatement, and an exhibit to the Bassoff

Declaration with certain proposed redactions.

The common law and the First Amendment accord a presumption of public access to

judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). A

"judicial document" is "a filed item that is 'relevant to the performance of the judicial function

and useful in the judicial process.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,

814 F.3d 132, 139 (2d Cir. 2016) (quoting Lugosch, 435 F.3d at 119). To overcome the

presumption of public access over a judicial document, the court must make "specific, on the

record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly

tailored to serve that interest." Lugosch, 435 F.3d at 120 (citation omitted). And although the

presumption of public access in filings submitted in connection with discovery disputes is

generally somewhat lower, that is not the case for material introduced at trial, or in connection

with dispositive motions, such as summary judgment motions. See Brown v. Maxwell, 929 F.3d

41, 50 (2d Cir. 2019).

Here, Armouth's letter motion to seal was filed in connection with its opposition to

Defendant's motion for summary judgment (ECF Nos. 87-91). However, sealing is only

appropriate if the Court can articulate specific and substantial reasons for sealing such material,

and if the Court finds that the sealing is narrowly tailored. Brown, 929 F.3d at 50; Lugosch, 435

F.3d at 119-20. For instance, courts in this District routinely permit parties to seal or redact

commercially sensitive information in order to protect confidential business interests and

financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG)

(KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns,

Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing

cases). To be sure, from a review of the documents sought to be sealed or redacted, it appears

that they may contain commercially sensitive financial and business information, but Armouth

does not articulate that as a basis for its motion.

Instead, Armouth asserts that its request to seal and redact should be granted because the

filings contain documents or reference information that was marked by Defendant as

"Confidential" pursuant to the protective order in the case. See ECF No. 99 (letter motion to

seal/redact). However, "broad citations to [a] Protective Order do not satisfy Lugosch and are, in

any event, insufficient to overcome the presumption of access as the 'mere existence of a

confidentiality order says nothing about whether complete reliance on the order to avoid

disclosure [is] reasonable.'" Tromblee v. New York, No. 19-CV-00638 (BKS) (CFH), 2022 WL

17266979, at *4 (N.D.N.Y. Nov. 29, 2022) (quoting Lugosch, 435 F.3d at 126) (alteration in

original); see also Doe v. U.S. Immigr. & Customs Enf't, No. 19-CV-8892, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021) ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document.") (citation and internal quotation marks omitted). Armouth has "not addressed the weight of the presumption or identified reasons that weigh against disclosure—other than in the most cursory fashion with citation to the Protective Order, which is insufficient to justify sealing." Tromblee, 2022 WL 17266979, at *4.

Based on the standard set forth by the Second Circuit in Lugosch, Armouth's letter motion to seal is **DENIED without prejudice**. The parties are permitted to submit a renewed letter motion to seal/redact, articulating specifically why sealing is appropriate under the Lugosch standard. Any such letter motion should be submitted by **Friday, April 14, 2023**. The Clerk of Court is directed to maintain ECF Nos. 100, 101, and 104 under seal pending submission of a renewed motion. The Clerk of Court is directed to terminate the motion at ECF No. 99.

**SO ORDERED.**

DATED:        New York, New York
              March 31, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge